IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| VINCENT D. TUGGLES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:18CV97 |
| | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

LORETTA C. BIGGS, District Judge.

Plaintiff initiated this action against the government of the United States ("Defendant" or the "Government") alleging seven tort claims, pursuant to the Federal Tort Claims Act ("FTCA"). (ECF No. 1.) Before the Court is Defendant's Motion to Dismiss or in the Alternative Motion for Summary Judgment. (ECF No. 5.) For the reasons set forth below, Defendant's motion will be granted in part and denied in part.

## I. BACKGROUND

Plaintiff is an honorably discharged veteran of the United States Army residing in Wake County, North Carolina. (ECF No. 1 ¶¶ 11, 18.) After completing an appointment at the Veteran Affairs Medical Center ("VAMC") in Durham, North Carolina, on November 17, 2014, Plaintiff "went to the travel pay booths [located in the VAMC] in order to obtain reimbursement for the travel expenses for which he was eligible." (*Id.* ¶¶ 19, 22–23.) Plaintiff sought to "receive his reimbursement as a cash voucher rather than having the reimbursement

deposited to his bank account." (*Id.* ¶ 24.) While Plaintiff attempted to explain his reasons for requesting such a voucher, "a uniformed security guard requested that Plaintiff step out of the administrator's office." (*Id.* ¶ 26.) Plaintiff next alleges that "other uniformed officers came upon the scene, and they laid their hands upon Plaintiff, and, after grabbing Plaintiff about his body, they threw him to [the] floor, where they proceeded to hit him about his neck, back, and kidneys." (*Id.* ¶ 27.) Plaintiff alleges that he was then arrested for causing a disturbance and later released without any charges filed. (*Id.* ¶ 28.)

On or about October 29, 2015, Plaintiff submitted a claim for damages to the Department of Veteran Affairs (the "Department" or "VA") regarding the above events. (*Id.* ¶ 3; ECF No. 1-1.) After the Department denied Plaintiff's claim, (ECF No. 1-2), Plaintiff requested reconsideration of his claim on or about March 2, 2016, (ECF No. 1-3). On or about October 12, 2017, the Department notified Plaintiff that it had completed its reconsideration and that his claim was denied. (ECF No. 1-5; ECF No. 1 ¶ 7.) Plaintiff then filed this complaint, alleging seven causes of action: (1) negligence, (2) negligent infliction of emotional distress ("NIED"), (3) intentional infliction of emotional distress ("IIED"), (4) false arrest, (5) false imprisonment, (6) assault and battery, and (7) unlawful deprivation and denial of constitutional rights. (ECF No. 1 ¶¶ 29–63.)

Defendant now moves to dismiss this complaint pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, or, in the alternative, for summary judgment pursuant to Rule 56. (ECF No. 5.)

## II.   STANDARD OF REVIEW

### A.  Rule 12(b)(1)

Under Rule 12(b)(1), a party may seek dismissal based on the court's "lack of subject-matter jurisdiction." Fed. R. Civ. P. 12(b)(1). Subject matter jurisdiction is a threshold issue that relates to the court's power to hear a case and must be decided before a determination on the merits of the case. *Constantine v. Rectors & Visitors of George Mason Univ.*, 411 F.3d 474, 479–80 (4th Cir. 2005). A motion under Rule 12(b)(1) raises the question of "whether [the plaintiff] has a right to be in the district court at all and whether the court has the power to hear and dispose of [the] claim." *Holloway v. Pagan River Dockside Seafood, Inc.*, 669 F.3d 448, 452 (4th Cir. 2012). The burden of proving subject matter jurisdiction rests with the plaintiff. *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982). When evaluating a Rule 12(b)(1) motion to dismiss, the court should grant the motion "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991).

### B.  Rule 12(b)(6)

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure "challenges the legal sufficiency of a complaint," including whether it meets the pleading standard of Rule 8(a)(2). *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009). Rule 8(a)(2) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), thereby "giv[ing] the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). To survive a Rule 12(b)(6) motion to dismiss, "a

complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). A complaint may fail to state a claim upon which relief can be granted in two ways: first, by failing to state a valid legal cause of action, *i.e.*, a cognizable claim, *see Holloway*, 669 F.3d at 452; or second, by failing to allege sufficient facts to support a legal cause of action, *see Painter's Mill Grille, LLC v. Brown*, 716 F.3d 342, 350 (4th Cir. 2013).

## C. Rule 56

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute is "genuine" if the evidence would permit a reasonable jury to find for the nonmoving party, and "[a] fact is material if it might affect the outcome" of the litigation. *Jacobs v. N.C. Admin. Office of the Courts*, 780 F.3d 562, 568 (4th Cir. 2015) (internal quotation marks omitted). The role of the court is not "to weigh the evidence and determine the truth of the matter," but rather "to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). When reviewing a motion for summary judgment, the court must "resolve all factual disputes and any competing, rational inferences in the light most favorable" to the nonmoving party. *Rossignol v. Voorhaar*, 316 F.3d 516, 523 (4th Cir. 2003) (quoting *Wightman v. Springfield Terminal Ry. Co.*, 100 F.3d 228, 230 (1st Cir. 1996)).

## III. DISCUSSION

Defendant sets forth multiple arguments as bases for dismissal of Plaintiff's claims to include: (1) that Plaintiff did not adequately exhaust his administrative remedies before filing

this action, as required by the FTCA, (ECF No. 6 at 6–7; ECF No. 19 at 1–4); (2) that Plaintiff's constitutional tort claim is not cognizable under the FTCA, (ECF No. 6 at 19–21); and (3) that Plaintiff has failed to state a claim under which relief may be granted for the remaining claims. (*Id.* at 10–19.) Defendant also moves for summary judgment, in the alternative, as to all of Plaintiff's claims. (ECF No. 5 at 1.)

## A. Exhaustion of Administrative Remedies

As a general principle, the United States has sovereign immunity from common law actions seeking damages. *Perkins v. United States*, 55 F.3d 910, 913 (4th Cir. 1995). The FTCA acts as a limited waiver of that immunity, giving federal district courts jurisdiction to "hear civil actions against the United States for money damages for injuries caused by the negligent or wrongful acts or omissions of government employees while acting within the scope of their employment." *Id.* The FTCA's waiver of immunity is to be "strictly construed" with "all ambiguities . . . resolved in favor of the United States." *Williams v. United States*, 50 F.3d 299, 305 (4th Cir. 1995). This waiver, however, is subject to certain exceptions and prerequisites. *Perkins*, 55 F.3d at 913. One such prerequisite is that the claimant must first "present[ ] the claim to the appropriate Federal agency and [have] his claim . . . [be] finally denied by the agency" before filing suit in federal court. 28 U.S.C. § 2675(a).

Federal regulations deem a claim "to have been presented when a Federal agency receives from a claimant . . . an executed Standard Form 95 [SF-95] or other written notification of an incident, accompanied by a claim for money damages in a sum certain." 28 C.F.R. § 14.2(a). A claim is properly "presented" to an agency if it "(1) is sufficient to enable the agency to investigate and (2) places a 'sum certain' value on [the] claim." *Ahmed v. United*

*States*, 30 F.3d 514, 517 (4th Cir. 1994) (quoting *Adkins v. United States*, 896 F.2d 1324, 1326 (11th Cir. 1990)). "A notice is sufficient to cause investigation where the factual predicate permits an agency to 'either reasonably assess its liability or competently defend itself.'" *Wood v. United States*, 209 F. Supp. 3d 835, 840 (M.D.N.C. 2016) (quoting *Drew v. United States*, 217 F.3d 193, 197 (4th Cir. 2000), *reh'g en banc granted, opinion vacated, aff'd by equally divided court without opinion*, 231 F.3d 927 (4th Cir. 2000)); *see also Boles v. United States*, 3 F. Supp. 3d 491, 504 (M.D.N.C. 2014) (explaining that a plaintiff's administrative claim properly presented a number of claims because it "identified the incident in which [the plaintiff] was injured and demanded a sum certain in damages"). A claimant does not, however, need to "give the government notice of every possible theory of recovery." *Degenhard v. United States*, No. 5:13–CV–685–BR, 2015 WL 632211, at *1 (E.D.N.C. Feb. 13, 2015) (internal quotation marks omitted).

Defendant argues that Plaintiff has failed to present all of his claims, except his assault and battery claim, to the Department before filing this action. (ECF No. 6 at 6–7.) Thus, according to Defendant, this Court does not have jurisdiction over such claims. (*Id.*) Plaintiff argues in response that his administrative claim addressed the "same set of operative facts" involved in his claims in this action and, therefore, sufficiently presented all seven claims to the Department. (ECF No. 18 at 4–5.)

Plaintiff's SF-95 does not specifically name any legal cause of action. (*See* ECF No. 1-1.) Instead, it sets forth a brief narrative of the events which lead to his injuries, stating, in relevant part:

> After my appt. [on November 17, 2014], I went to the travel desk
> to be reimbursed for my travel expenses (per my scheduled appt.)

> and I was inexplicably attacked by at least 5 uniformed security guards thereby exacerbating my left shoulder/arm condition. The next day, 11/18/2014, I was hospitalized at the Rex Hospital for a strain put on my shoulders, back, neck and displaced my hips all on account of being physically assaulted at [sic] the Durham VAMC's staff the day before.

(ECF No. 1-1 at 1–2.) The administrative claim separately lists personal injuries that Plaintiff claims were caused by the incident, which include various physical injuries, "sleeping issues," and "PTSD." (*Id.*) Plaintiff claimed damages of $200,000.00 for his injuries. (*Id.* at 1.)

Although Defendant concedes that Plaintiff presented his assault and battery claim in his SF-95, Defendant argues that Plaintiff's six remaining claims were not properly presented to the Department. (ECF No. 6 at 6 & n.1.) This Court disagrees with Defendant in relation to two of the six remaining claims. This Court concludes that Plaintiff did not exhaust his administrative remedies with respect to his false arrest, false imprisonment, negligence, and NIED claims because he did not give the VA sufficient notice of those claims in his SF-95. Plaintiff's IIED and constitutional tort claims, however, were properly presented to the agency and will therefore satisfy this threshold requirement.

Plaintiff's claims of false arrest and false imprisonment were not properly presented because they involve a different set of relevant facts that were not present in his SF-95. (*See* ECF No. 1-1.) Both false arrest and false imprisonment require a plaintiff to prove that he was restrained against his will. *See Hales v. McCrory-McLellan Corp.*, 133 S.E.2d 225, 227 (N.C. 1963) ("False imprisonment is the illegal restraint of the person of any one against his will."); *see also Fowler v. Valencourt*, 435 S.E.2d 530, 532 (N.C. 1993) ("False arrest is a form of false imprisonment."). Although Plaintiff alleges in his complaint that he was "handcuffed and arrested" and "taken to a holding area where he remained for approximately one hour," (ECF

No. 1 ¶ 28), he does not so allege in his SF-95, (ECF No. 1-1 at 1–2). His SF-95 makes no mention of an arrest or being restrained in any manner. (*See id.*) Rather, the SF-95 only alleges that Plaintiff was "inexplicably attacked" and that the attack exacerbated an existing medical condition. (*Id.*) Because Plaintiff's SF-95 did not allege that he was arrested or restrained, the Department was not given sufficient notice to cause an investigation of a potential false imprisonment or false arrest claim. *See Degenhard*, 2015 WL 632211, at *4 (holding that a wrongful death claim asserted administratively did not provide adequate notice of a NIED claim because the two claims "involve[d] different facts"). Therefore, the false arrest and false imprisonment claims (Claims 4 and 5), (ECF No. 1 ¶¶ 42–51), are barred for failure to first "present[ ] the claim to the appropriate Federal agency." 28 U.S.C. § 2675(a).

Plaintiff's negligence claim also involves additional facts that were not present in his SF-95. Plaintiff's negligence claim is based, at least in part, on a theory of negligent hiring, training, and supervising of the uniformed security guards. (*See* ECF No. 1 ¶ 29.) Therefore, Plaintiff is alleging that the Department was negligent, not that any of the individual security guards were negligent. (*Id.*) Plaintiff's SF-95, however, does not contain any allegations regarding the manner in which the Department supervised or trained its security guards. (*See* ECF No. 1-1.) Instead, it only alleges wrongdoing by the security guards who "inexplicably attacked" Plaintiff. (*Id.* at 1.) An administrative claim that only alleges individual wrongdoing does not typically put the Department on notice to investigate larger, systemic issues of negligence. *See Rudisill v. United States*, No. 5:13–CV–110–F, 2014 WL 4352114, at *2 (E.D.N.C. Sept. 2, 2014) (holding that an administrative claim for "general medical negligence" does not put the government on notice of a "hospital negligence" claim, which typically

involves "claims for the negligent selection and supervision of physicians"); *see also Glade ex rel. Lundskow v. United States*, 692 F.3d 718, 722–23 (7th Cir. 2012) (holding that an administrative claim that alleged wrongdoing by an individual therapist did not administratively present a claim for negligence by the VA); *Peteet v. Hawkins*, Civ. A. No. H-17-1312, 2018 WL 4039375, at *6 (S.D. Tex. July 17, 2018) (holding that an administrative claim alleging sexual assault by an individual prison guard does not allege "any facts to suggest that it should have been foreseeable to the Bureau of Prisons management that [the guard] would assault her, a necessary element of proximate causation"), *report and recommendation adopted*, Civ. A. No. H-17-1312, 2018 WL 4033775 (S.D. Tex. Aug. 23, 2018). Much like the above cases, Plaintiff's SF-95 only included allegations of wrongdoing by the individual security guards and did not include allegations regarding the Department's supervision or training of those guards or that the Department had in any way breached a duty of care. (*See* ECF No. 1-1.) Accordingly, because Plaintiff failed to give the Department proper notice of his negligence claim, such claim (Claim 1) is barred pursuant to 28 U.S.C. § 2675(a).[1]

For the same reasons as the negligence claim, Plaintiff's NIED claim was also not properly presented to the Department. A NIED claim requires a plaintiff to show that "(i) defendant negligently engaged in conduct; (ii) it was reasonably foreseeable the conduct would

---

[1] Defendant also argued that Plaintiff's negligence claim should be dismissed because of the discretionary function exception to the FTCA. (ECF No. 6 at 7–10.) Had this Court concluded that Plaintiff's negligence claim had been properly presented to the Department, such claim would be barred under the discretionary function exception to the FTCA. *See* 28 U.S.C. § 2680(a). The discretionary function exception applies to cases in which (1) the conduct in question "involves an element of judgment or choice" and (2) the conduct is "based on considerations of public policy." *Berkovitz v. United States*, 486 U.S. 531, 536–37 (1988). The Fourth Circuit has held that the hiring and supervising of employees is covered by the discretionary function exception. *LeRose v. United States*, 285 F. App'x 93, 97 (4th Cir. 2008); *Suter v. United States*, 441 F.3d 306, 312 n.6 (4th Cir. 2006). Plaintiff's arguments and cases cited to the contrary were not persuasive. (ECF No. 18 at 5–6.)

cause plaintiff severe emotional distress; and (iii) the conduct in fact caused plaintiff to suffer such distress." *Andersen v. Baccus*, 439 S.E.2d 136, 139 (N.C. 1994). Plaintiff's only allegations of negligence in his NIED claim refer to the "Department's negligence as aforesaid." (ECF No. 1 ¶¶ 34–35.) This phrase appears to refer to Plaintiff's negligence claim, which precedes the NIED claim in Plaintiff's complaint. (*Id.* ¶¶ 29–32.) Therefore, the NIED claim alleges that Plaintiff suffered severe emotional distress due to negligence by the Department in supervising and training its guards, not due to negligence by the individual guards themselves. (*See id.* ¶¶ 29–36.) For the same reasons as outlined above regarding the negligence claim, Plaintiff's SF-95 did not give adequate notice to the Department to cause an investigation of negligence by the Department. (*See* ECF No. 1-1.) Accordingly, Plaintiff's NIED claim (Claim 2) is barred pursuant to 28 U.S.C. § 2675(a).

Plaintiff's remaining two claims for IIED and constitutional tort do not suffer from the same deficiencies as his previously discussed claims because both claims involve intentional conduct allegedly exhibited by the security guards in question. An IIED claim requires a plaintiff to show "1) extreme and outrageous conduct by the defendant 2) which is intended to and does in fact cause 3) severe emotional distress." *Waddle v. Sparks*, 414 S.E.2d 22, 27 (N.C. 1992) (quoting *Dickens v. Puryear*, 276 S.E.2d 325, 335 (N.C. 1981)). A constitutional tort claim, or *Bivens* claim, arises when a federal agent, acting under the color of federal law, deprives a person of certain constitutional rights.[2] *See Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 397 (1971).

---

[2] Plaintiff, in his Complaint, alleges that the uniformed security guards used "an excessive, unreasonable, and unnecessary amount of force" against him, in addition to conspiring to cover up said conduct. (ECF No. 1 ¶¶ 57, 59.) To the extent that Plaintiff bases his constitutional claim on

Both claims arise from the same set of facts: that the uniformed security guards "inexplicable attacked" Plaintiff. (*See* ECF No. 1-1 at 1.) Plaintiff's administrative claim contained sufficient factual matter to cause the Department to investigate the facts surrounding that incident. Such an investigation as to whether or how the incident occurred would have allowed the Department to "reasonably assess its liability" as to each of these potential claims. *Wood*, 209 F. Supp. 3d at 840. Further, because Plaintiff's SF-95 alleges that he suffered from "PTSD" and "sleeping issues," the Department was on notice to investigate claims involving emotional distress as well. (*See* ECF No. 1-1 at 2.) Accordingly, both the IIED and constitutional tort claims are not barred by 28 U.S.C. § 2675(a).

In conclusion, Plaintiff's false imprisonment, false arrest, negligence, and NIED claims were not properly presented to the Department before filing this action. (*See* ECF No. 1-1.) Therefore, this Court does not have jurisdiction over those claims, and Defendant's motion to dismiss is granted as to Claims 1, 2, 4, and 5.

### B. Constitutional Torts Not Cognizable Under the FTCA

Defendant next argues that Plaintiff's constitutional tort claim, Claim 7, should be dismissed because it not cognizable under the FTCA. (ECF No. 6 at 19–21.) Plaintiff's constitutional tort claim alleges that "[t]he use of force initiated by the Department's uniformed security officers and the failure to intervene in the use of that force caused an excessive, unreasonable, and unnecessary amount of force to be inflicted upon Plaintiff," and

---

the seizure of his person by arresting him, such a claim would be barred for the reasons set forth in relation to Plaintiff's false arrest and false imprisonment claims.

that the use of force "violated Plaintiff's Fourth Amendment right to be free from unreasonable seizure." (ECF No. 1 ¶¶ 57, 61.)

The FTCA allows suits against the United States government "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1). The Supreme Court has "consistently held that § 1346(b)'s reference to the 'law of the place' means law of the State—the source of substantive liability under the FTCA." *FDIC v. Meyer*, 510 U.S. 471, 478 (1994). Because "federal law, not state law, provides the source of liability for a claim alleging the deprivation of a federal constitutional right," the FTCA does not waive the Government's sovereign immunity as to such claims. *Id.*

Because Plaintiff's constitutional tort claim is based on federal constitutional law, it is not cognizable under the FTCA.[3] Plaintiff argues in response that his seventh claim "does not arise solely under the FTCA," claiming that *Bivens* provides a "parallel, complimentary cause[ ] of action." (ECF No. 18 at 18–19.) Plaintiff does not acknowledge, however, that a *Bivens* claim must be made against the federal agents who violated the plaintiff's rights, not against the government itself. *See Bivens*, 403 U.S. at 389, 397; *see also Meyer*, 510 U.S. at 486 ("An extension of *Bivens* to agencies of the Federal Government is not supported by the logic of *Bivens* itself."). While Plaintiff correctly points to cases in which a plaintiff has alleged both

---

[3] Plaintiff also argues that "[a] close reading of *Meyer* arguably establishes that it stands for the proposition that the Supreme Court continues to be reluctant to expand the *Bivens* rule beyond the narrow confines of the Fourth and Fifth Amendment protections afforded an individual which do not implicate property rights." (ECF No. 18 at 19–20.) This Court disagrees with that interpretation. The Court in *Meyer* states, in no uncertain terms, that "the United States simply has not rendered itself liable under § 1346(b) for constitutional tort claims." *Meyer*, 510 U.S. at 478.

a FTCA claim and a *Bivens* claim, plaintiffs that successfully pursue both claims must file their claims against the United States and the individual federal agents, respectively. *See generally Dunbar Corp. v. Lindsey*, 905 F.2d 754 (4th Cir. 1990) (pursuing a FTCA claim against the Government for trespass and a *Bivens* claim against individual federal agents for violating the plaintiff's Fifth Amendment rights).

In the present case, Plaintiff has not named any individuals as defendants, naming only the United States as a defendant.[4] (ECF No. 1.) Therefore, the United States has not waived its sovereign immunity for this type of constitutional tort. *Id.* Accordingly, Plaintiff's constitutional tort claim will be dismissed.

## C. Failure to State a Claim Upon Which Relief Can Be Granted

Defendant next argues that Plaintiff's remaining claims, intentional infliction of emotional distress and assault and battery, should be dismissed pursuant to Rule 12(b)(6) for failure to state a claim. (ECF No. 6 at 10–19.)

### 1. *Intentional Infliction of Emotional Distress*

To state a claim for IIED, a plaintiff must allege "(1) extreme and outrageous conduct by the defendant (2) which is intended to and does in fact cause (3) severe emotional distress." *Waddle*, 414 S.E.2d at 27 (quoting *Dickens*, 276 S.E.2d at 335). A claim may also exist where the defendant's actions show "a reckless indifference to the likelihood that they will cause severe emotional distress." *Dickens*, 276 S.E.2d at 335. Conduct is "extreme and outrageous"

---

[4] In a footnote in his brief, Plaintiff appears to request that he be allowed to amend his complaint "in order to name the security personnel as defendants when their names are ascertained through discovery." (ECF No. 18 at 20 n.4.) Plaintiff has not, however, made a motion to amend his complaint, and this District's Local Rules require each motion to "be set out in a separate pleading." L.R. 7.3(a).

when it "go[es] beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Norton v. Scotland Mem'l Hosp.*, 793 S.E.2d 703, 708 (N.C. Ct. App. 2016) (quoting *Smith–Price v. Charter Behavioral Health Sys.*, 595 S.E.2d 778, 782 (N.C. Ct. App. 2004)). "[I]t is not enough that a defendant acts with an intent that is tortious, criminal, or with a degree of aggravation that would entitle a plaintiff to damages for a separate tort." *Sauers v. Winston-Salem/Forsyth Cty. Bd. of Educ.*, 179 F. Supp. 3d 544, 553 (M.D.N.C. 2016). "The determination of whether the alleged conduct is considered extreme and outrageous is a question of law for the trial judge." *Smith-Price*, 595 S.E.2d at 783.

North Carolina courts have typically regarded the "extreme and outrageous" element as requiring more than just violence, no matter how severe. *See Hensley v. Suttles*, 167 F. Supp. 3d 753, 768–69 (W.D.N.C. 2016), *aff'd sub nom Hensley ex rel. North Carolina v. Price*, 876 F.3d 573 (4th Cir. 2017). In an oft-cited IIED case, *Dickens v. Puryear*, the plaintiff was tied to a piece of farming equipment, beaten, threatened with further imminent harm, and then told to leave the state or be killed. *Dickens*, 276 S.E.2d at 327; *see also, e.g., Holloway v. Wachovia Bank & Tr. Co., N.A.*, 452 S.E.2d 233, 240–42 (N.C. 1994) (interpreting *Dickens*); *Waddle*, 414 S.E.2d at 27 (quoting *Dickens*). When the North Carolina Supreme Court addressed the IIED claim, the court held that the credible threat of future harm, coupled with the violence, satisfied the "extreme and outrageous" element. *Dickens,* 276 S.E.2d at 336. In contrast, the court in *Hensley v. Suttles* found that the plaintiff did not sufficiently show "extreme and outrageous" conduct in a case brought by two daughters who witnessed their father get shot and killed by police officers. *Hensley*, 167 F. Supp. 3d at 759–60, 768–69. The court in *Hensley* concluded that the "extreme and outrageous" test "is not met simply by considering the brutality of the

actions perpetrated by a defendant. The test must also include an assessment of the severity of distress the defendant intended to instill in the victim by way of such actions." *Id.* at 768.

Defendant argues that Plaintiff has not alleged that he was subject to sufficiently "extreme and outrageous conduct" by the defendant. (ECF No. 19 at 8.) Plaintiff disagrees, arguing that "the Government ignores the plain language of the complaint." (ECF No. 18 at 10.) The allegations in the complaint describing the conduct complained of by Plaintiff are, as follows:

> 27. Thereupon, other uniformed officers came upon the scene, and they laid their hands upon Plaintiff, and, after grabbing Plaintiff about his body, they threw him to [the] floor, where they proceeded to hit him about his neck, back, and kidneys.
>
> 28. After being beaten as aforesaid, Plaintiff was handcuffed and arrested for allegedly causing a disturbance at the Medical Center. Plaintiff was taken to a holding area where he remained for approximately an hour before being taken to the Medical Center's Emergency Department for observation. Thereafter, Plaintiff was released from custody, and he was not prosecuted thereafter for any alleged criminal conduct. . . .
>
> 38. The conduct of the Department's uniformed security guards as aforesaid was outrageous; it exceeded all bounds of decency; and it was odious and utterly intolerable in a civilized society. The conduct of the Department's uniformed security guards as aforesaid was deliberate and intentional. Such conduct was calculated and intended to inflict serious injury upon Plaintiff by the use of force which the Department's uniformed security guards knew was unreasonable and unjustified.

(ECF No. 1 ¶¶ 27–28, 38.) To the extent that Plaintiff's allegations contain legal conclusions, the Court does not have to accept such conclusions as true. *Iqbal*, 556 U.S. at 678.

Although Plaintiff alleges that he was subjected to physical violence and was restrained against his will, he does not allege that he was subjected to any additional "outrageous"

behavior or threats of future violence by the security guards. (*See* ECF No. 1 ¶¶ 27–28.) Notwithstanding Plaintiff's legal conclusions about how the guards' actions were "odious and utterly intolerable," (*id.* ¶ 38), this Court does not find Plaintiff's allegations sufficiently "extreme and outrageous" to support a claim of intentional infliction of emotional distress.

In addition to failing to plead sufficient factual matter showing that the guards' conduct was "extreme and outrageous," Plaintiff fails to allege that the security guards intended to cause him emotional distress, which is one of the required elements for an IIED claim. *See Waddle*, 414 S.E.2d at 27. Plaintiff alleges that the guards' "conduct was calculated and intended to inflict serious injury upon Plaintiff by the use of force which the Department's uniformed security guards knew was unreasonable and unjustified." (ECF No. 1 ¶ 38.) Plaintiff then alleges that "[a]s a direct and proximate result" of that conduct, he suffered significant emotional distress. (*Id.* ¶¶ 39–40.) These allegations noticeably fail to include any allegation that the guards had intended to cause such emotional distress. Further, the alleged factual matter does not create a reasonable inference that the security guards intended to cause Plaintiff emotional distress.

Because Plaintiff has failed to allege sufficient facts showing that Defendant engaged in extreme and outrageous conduct intended to cause severe emotional distress, Plaintiff's claim for intentional infliction of emotional distress must be dismissed for failure to state a claim.

2. *Assault and Battery*[5]

Defendant next argues that Plaintiff's final remaining claim, assault and battery, should be dismissed for failure to state a claim. (ECF No. 6 at 17–19.) Plaintiff did not respond to the Government's arguments regarding this claim in his response brief. (*See* ECF No. 18.) Although courts have typically "recognized that a party's failure to address an issue in its opposition brief concedes the issue," *Oliver v. Baity*, 208 F. Supp. 3d 681, 690 (M.D.N.C. 2016) (citing cases), this Court will not do so on this issue. Plaintiff's assault and battery claim is his only remaining claim, and the interests of justice indicate that this Court should consider the merits of this claim.

"An assault is an offer to show violence to another without striking him, and a battery is the carrying of the threat into effect by the infliction of a blow." *Dickens*, 276 S.E.2d at 330. In order to prove a claim of assault and battery against a law enforcement officer, however, a plaintiff must "show that the officer used force against plaintiff which was excessive under the given circumstances." *Glenn-Robinson v. Acker*, 538 S.E.2d 601, 615 (N.C. Ct. App. 2000) (quoting *Fowler v. Valencourt*, 423 S.E.2d 785, 790 (N.C. Ct. App. 1992), *rev'd in part on other grounds*, 435 S.E.2d 530 (N.C. 1993)); *see also Graham v. Connor*, 490 U.S. 386, 397 (1989). "The 'reasonableness' of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." *Graham*, 490

---

[5] The intentional tort exception excludes certain intentional torts, including assault and battery, from the FTCA's waiver of immunity, unless the torts were committed by a "law enforcement officer." 28 U.S.C. § 2680(h); *see Weinraub v. United States*, 927 F. Supp. 2d 258, 263 (E.D.N.C. 2012) (holding that because TSA screeners are not "law enforcement officers," the plaintiff's assault and battery claim was "barred by sovereign immunity"). That exception does not apply in this case because, as Defendant stated in its brief, the security guards in question are considered "law enforcement officers" under § 2680(h). (ECF No. 6 at 9–10.)

U.S. at 396; *see also White v. Town of Chapel Hill,* 899 F. Supp. 1428, 1435, 1437 (M.D.N.C.) (using the same "reasonableness" analysis for the plaintiff's state law assault and battery claim as his Fourth Amendment claim), *aff'd* 70 F.3d 1264 (4th Cir. 1995).

Defendant argues that Plaintiff did not sufficiently allege that the force used by the security guards was "excessive." (ECF No. 6 at 19.) Defendant cites a case in which police officers were found to have not used excessive force when they "tackled" and "dragged" the plaintiff to their vehicle. *White*, 899 F. Supp. at 1435, 1437. That case, however, involved a motion for summary judgment, when the court had a more developed factual record than the present case. *Id.* at 1431–32. In contrast, the standard for a motion to dismiss is that a plaintiff "must [allege] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570); *see also Williams v. Papi*, 30 F. Supp. 3d 306, 312 (M.D. Penn. 2014) (stating that "it is surely premature to expect the Court" to decide whether a law enforcement officer's use of force was "reasonable" at the motion to dismiss stage).

Plaintiff alleged in the Complaint that the security guards used excessive force when they "hit him about his neck, back, and kidneys." (ECF No. 1 ¶ 27.) The Complaint also alleges that Plaintiff "did not threaten, become abusive to anyone, or commit any criminal act at any time," yet he was thrown to the ground and hit while on the ground. (*Id.* ¶¶ 26–27.) These factual allegations, which must be taken as true, *Iqbal*, 556 U.S. at 678, support the reasonable inference that the security guards used excessive force on Plaintiff. Here, Plaintiff has stated a claim for assault and battery, and Defendant's motion to dismiss, as it pertains to this claim, will be denied.

## D. Alternative Motion for Summary Judgment

Defendant titles its present motion as a "Motion to Dismiss or in the Alternative Motion for Summary Judgment." (ECF No. 5.) Because the Court will deny Defendant's Motion to Dismiss as it relates to Plaintiff's assault and battery claim only, the Court will now address Defendant's motion for summary judgment as to the assault and battery claim. Defendant does not, however, make any argument as to why the Court should grant summary judgment before formal discovery has occurred. Defendant introduces Plaintiff's medical records,[6] which it claims establishes certain facts regarding Plaintiff's conduct in the events leading up to his confrontation with the security guards. (ECF No. 6 at 15.)

Plaintiff, in response, first argues that there are genuine issues regarding the material facts of this case and, second, that he "cannot present facts essential to justify [his] opposition" to the motion due to the lack of formal discovery. Fed. R. Civ. P. 56(d); (ECF No. 18 at 15–16). To support the first argument, Plaintiff introduced affidavits from both him and his wife, attesting to their recollection of the events in question. (ECF Nos. 18-1, 18-2.) Plaintiff claims that those affidavits establish a genuine dispute to the material facts of this case. (ECF No. 18 at 15.) To support the second argument, Plaintiff introduces another affidavit, personally attesting to his inability to gain access to certain crucial pieces of evidence for his case. (ECF No. 18-3.)

In response to a motion for summary judgment, the nonmovant may "show[ ] by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its

---

[6] Plaintiff has opposed the introduction of these records, claiming a physician-patient privilege. (ECF No. 18 at 16–18.) Because these records will not be considered in this case, the Court will not reach the issue of the records' admissibility.

opposition." Fed. R. Civ. P. 56(d). If the nonmovant so shows, then the Court may defer or deny the motion. *Id.*; *Hodgin v. UTC Fire & Sec. Americas Corp.*, 885 F.3d 243, 250 (4th Cir. 2018). As interpreted by the Fourth Circuit, Rule 56(d) "mandates that summary judgment be [postponed] when the nonmovant 'has not had the opportunity to discover information that is essential to his opposition.'" *Hodgin*, 885 F.3d at 250 (quoting *Pisano v. Strach*, 743 F.3d 927, 931 (4th Cir. 2014)).

Plaintiff's affidavit does show that there are facts essential to his claim that he cannot present at this stage of the litigation. (ECF No. 18-3.) Plaintiff also attached his proposed interrogatories and requests for production of documents to demonstrate the types of discovery requests he intends to serve on Defendant. (ECF Nos. 18-4, 18-5.) His assault and battery claim involves questions regarding the reasonableness of the force exerted by the security guards, and further he has not been able to depose or even ascertain the identities of the guards who were present on the day of the alleged incident at issue. *See Glenn-Robinson*, 538 S.E.2d at 615; (ECF No. 18-3 ¶ 4). The formal discovery process should allow Plaintiff the chance to gather those facts that are essential to his case. For that reason, the Court will deny Defendant's motion for summary judgment. *See* Fed. R. Civ. P. 56(d).

## IV. CONCLUSION

Plaintiff's claims for false arrest, false imprisonment, negligence, and negligent infliction of emotional distress were not properly presented to the Department and therefore will be dismissed for failure to exhaust his administrative remedies. Plaintiff's constitutional tort claim is dismissed because it is not cognizable under the FTCA, and Plaintiff's intentional

infliction of emotional distress claim is dismissed for failure to state a claim. Plaintiff's claim for assault and battery will survive Defendant's motion to dismiss.

For the reasons stated herein, the Court enters the following:

**ORDER**

IT IS THEREFORE ORDERED that Defendant's Motion to Dismiss or in the Alternative Motion for Summary Judgment, (ECF No. 5), is GRANTED IN PART and DENIED IN PART. The motion is GRANTED as to Claims 1–5 and 7 of the Complaint, and those claims are hereby DISMISSED. The motion is DENIED as to Claim 6 of the Complaint.

This, the 27th day of February, 2018.

/s/ Loretta C. Biggs
United States District Judge